UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC X. RAMBERT, et al., | ) |
| *Plaintiffs*, | ) CA. NO. 16-72 Erie |
| v. | ) |
| | ) ORDER ADOPTING REPORT |
| | ) AND RECOMMENDATION |
| JOHN E. WETZEL, et al., | ) |
| *Defendants*. | ) |

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court, having reviewed Plaintiffs' complaint, the Report and Recommendation ("R&R") of the Honorable Susan P. Baxter, United States Magistrate Judge, and the balance of the record, does hereby find and rules as follows:

(1) Plaintiffs, who are all prisoners, initiated this lawsuit on April 4, 2016, alleging that Defendants violated their due process protections by systematically placing Plaintiffs on the Restricted Release List ("RRL") without a hearing. On May 27, 2016, Magistrate Judge Baxter issued an R&R recommending that this Court dismiss Plaintiffs Bundy and Grisby due to their failure to comply with Magistrate Judge Baxter's Order to Show Cause dated April 6, 2016. The Show Cause Order instructed each named Plaintiff[1] to either pay the filing fee or file a motion to proceed *in forma pauperis* along with the required institutional account statement on or before April 26, 2016. Plaintiffs Bundy and Grisby neither paid the filing fee

---

[1] Plaintiff Rambert had already paid his filing fee and thus was not included in the show cause order.

nor filed to proceed *in forma pauperis*. Thus, Magistrate Judge Baxter issued the R&R recommending Plaintiffs Bundy and Grisby be dismissed from this action;[2]

(2) Plaintiff Rambert on behalf of Plaintiffs Bundy and Grisby, filed objections to the R&R on June 17, 2016. When a party objects to an R&R, the district court must review *de novo* those portions of the R&R to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). However, to obtain *de novo* review, a party must clearly and specifically identify those portions of the R&R to which it objects. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Raddatz*, 447 U.S. at 673-74. Here, Plaintiff did not specifically object to Plaintiffs Bundy's and Grisby's failure to comply with the Show Cause Order. Instead, Plaintiff restated his argument, which was previously considered by Magistrate Judge Baxter. Plaintiff again asserts that only one filing fee need be paid to initiate this lawsuit (as opposed to each individual Plaintiff filing a separate filing fee). Plaintiff Rambert argues that Congress's use of the "passive" tense in § 1915(b)(3) demonstrates its intent that a fee be collected for the case as a whole and not on a prisoner-by-prisoner basis. Further, Plaintiff asserts, the fee should not exceed the standard fee in a similar action. In other words, individual Plaintiffs should only have to pay a portion of the fee. As recognized in the R&R, this reasoning is not sufficient to demonstrate that § 1915(b)(3) only requires one filing fee. Indeed, this argument has been rejected

---

[2] Plaintiffs Lewis, Passmore, and Garcia withdrew from the action on June 6, 2016. Plaintiff Cessna, who was added to the complaint on April 20, 2016, also withdrew from the action on June 13, 2016.

by the Third Circuit. *Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009). In *Hagan*, the Third Circuit held that joint litigation does not relieve prisoners from paying the full individual fee and "[t]he application of repeal by implication would undermine congressional goals." *Id*. Thus each Plaintiff in this lawsuit must file an individual filing fee, as the magistrate judge correctly ordered;

(3)  Because Plaintiffs Bundy and Grisby failed to pay the filing fee or file a motion for *in forma pauperis* by the Court ordered deadline, they are HEREBY DISMISSED from this lawsuit; and

(4)  The Clerk of the Court is respectfully directed to send copies of this Order to Plaintiffs, Defendants, and to Judge Baxter.

**IT IS SO ORDERED.**

DATED this 21st day of June, 2016.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE