# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, *et al.*, | ) | |
| | ) | Civil Action No. 16 – 72E |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | District Judge Barbara Rothstein |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| ANTHONY R. JOHNSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that the Court's Order granting Plaintiff Demetrius Baily's Motion to Proceed *in forma pauperis* (ECF No. 22) be vacated, that his Motion to Proceed *in forma pauperis* (ECF No. 9) be denied in accordance with 28 U.S.C. § 1915(g) and that Plaintiff be terminated from this action until such time he pays the full $400.00 filing fee.[1]

---

[1] On May 1, 2013, the cost of filing a new civil case in federal court increased to $400.00. This increase includes a $50.00 administrative fee in addition to the current $350.00 filing fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. If *in forma pauperis* status is denied, the plaintiff will be required to pay $400. Thus, Plaintiff will be required to pay the full $400.00 if he wishes to proceed with this matter.

## II. **REPORT**

Plaintiff Demetrius Bailey, along with numerous other plaintiffs, initiated this action on April 4, 2016,[2] and the case was recently transferred to the undersigned on July 19, 2016. Upon review of the docket the undersigned notices that the procedural history of this action is somewhat complex and confusing. Moreover, the undersigned recognizes that the Court erred in granting motions to proceed *in forma pauperis* by three of the remaining plaintiffs. At this point, the undersigned recommends that the Courts' orders granting these motions be vacated and that the motions be dismissed in accordance with 28 U.S.C. 1915(g) because these plaintiffs have accumulated three or more "strikes" and may not proceed *in forma pauperis* absent a showing of imminent danger.

The "three strikes rule"[3] is codified at 28 U.S.C. § 1915(g) and provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In sum, under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be

---

[2] While at one point in time there were fourteen plaintiffs in this matter, there remain only eight since some moved to voluntarily dismiss and others were dismissed by the Court. The Complaint alleges due process violations in connection with the plaintiffs' placement on the Restricted Release List ("RRL").

[3] *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), *cert*. *denied*, 533 U.S. 953 (2001).

denied *in forma pauperis* status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[4]

The Court takes judicial notice of court records and dockets of the Federal Courts located in Pennsylvania as well as those of the Court of Appeals for the Third Circuit. *See* DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff Rambert has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g).

The three strikes that Plaintiff Bailey has accumulated are the following: Bailey v. Price, Civil Action No. 99-470 (W.D. Pa.), which was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted by Order December 22, 1999. The second strike is Bailey v. Crisanti, Civil Action No. 00-1310 (W.D. Pa.), which was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted by Order dated November 22, 2000. The third strike is Bailey v. Crisanti, Civil Action No. 00-4334 (3d Cir.), which the Court of Appeals for the Third Circuit dismissed under 28 U.S.C. § 1915(e)(2)(B) by Order dated December 11, 2001.

To satisfy the imminent danger exception to the three strikes rule, a plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should

---

[4] The Third Circuit Court of Appeals has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included in the amount of strikes under section § 1915(g). *See* Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. Viewing the allegations in the Complaint most generous to Plaintiff Bailey, the undersigned finds that there has been no showing of imminent danger.

Because Plaintiff Bailey has filed at least three lawsuits which were dismissed as frivolous, malicious, or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court should therefore vacate its prior Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis*, order Plaintiff to pay the $400.00 filing fee and terminate him from this action until such time he pays the fee. *See* Howard v. Tennessee, Dept. of Corrections, No. 1–12–0004, 2013 WL 3353893, at *3 (M.D.Tenn., July 2, 2013) (in circumstances where the prisoner was improperly granted IFP status even though he had already acquired three strikes "the proper remedy is to vacate the order granting plaintiff IFP status, give plaintiff given thirty (30) days to pay the balance of the original filing fee, and if he fails to do so, to dismiss the case with prejudice for failure to prosecute."). *See also* Fuller v. Caruso, No. 2:12–cv–480, 2013 WL 1830856, at *1 (W.D.Mich., April 30, 2013); Rider v. Rangel, NO. 1:07-CV-1340, 2011 WL 121559 at *3 (E.D.Cal. Jan. 13, 2011), *report and recommendation adopted by*, 2011 WL 841517 (E.D.Cal. Mar 7, 2011); Bronson v. Overton, NO. CIV.A 08-52E, 2010 WL 2512345, at *1 (W.D.Pa., May 27, 2010), *report and recommendation adopted by*, 2010 WL 2519773 (W.D.Pa. June 17, 2010); Bronson v. Lamb, NO. CIV. A. 09-225, 2010 WL 936088, at *1 (W.D.Pa., Feb. 9, 2010), *report and recommendation adopted by*, 2010 WL 934266 (W.D.Pa. March 12, 2010).

### III. CONCLUSION

For the foregoing reasons, It is respectfully recommended that the Court's Order granting Plaintiff Demetrius Bailey's Motion to Proceed *in forma pauperis* (ECF No. 22) be vacated, that his Motion to Proceed *in forma pauperis* (ECF No. 9) be denied in accordance with 28 U.S.C. § 1915(g) and that Plaintiff be terminated from this action until such time he pays the full $400.00 filing fee.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: August 9, 2016

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Demetrius Bailey
CP7819
SCI Albion
10745 Route 18
Albion, PA 16475