UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

ERIC X. RAMBERT, *et al.*,

    *Plaintiffs*,

v.

ANTHONY R. JOHNSON, *et al.*,

    *Defendants*.

CA. NO. 16-72 Erie

ORDER ADOPTING REPORT
AND RECOMMENDATION
AS TO PLAINTIFF PEW

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court, having reviewed the Report and Recommendation of the Honorable Lisa Pupo Lenihan, United States Magistrate Judge, the operative complaint, and the balance of the record, does hereby find that:

(1) Plaintiff Alfonso Percy Pew, along with numerous other Plaintiffs, initiated this action on April 4, 2016, alleging due process violations in connection with the Plaintiff's placement on the Restricted Release List. Thereafter, Magistrate Judge Baxter granted Plaintiff Pew *in forma pauperis* status;

1

(2) The case was then reassigned to Magistrate Judge Lenihan on July 19, 2016. Upon further review of the case, Magistrate Judge Lenihan recognized that it was an error to grant Plaintiff Pew *in forma pauperis* status because Pew has accumulated three or more "strikes" and may not proceed *in forma pauperis* absent a showing of imminent danger. *See* 28 U.S.C. 1915(g). Under the "three strikes rule," a prisoner who, on three or more prior occasions while incarcerated, has filed an action in federal court that was dismiss as frivolous, malicious, or for failure to state a claim, must be denied *in forma pauperis* status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g);

(3) This Court may take judicial notice of court records and dockets of the Federal Courts located in Pennsylvania as well as those of the Court of Appeals for the Third Circuit. *See DiNicola v. DiPaolo*, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996). The following actions filed by Plaintiff while *in forma pauperis* were dismissed by the United States District Court for the Eastern District of Pennsylvania as frivolous: *Pew v. Cox*, Civil No. 93-4128 (E.D. Pa.) and *Pew v. Clark*, Civil No. 94-4813 (E.D. Pa.). In addition, the following appeals filed by Plaintiff while *in forma pauperis* were dismissed by the Third Circuit as frivolous: *Pew v. Cox*, C.A. No. 93-2041 (3d Cir.), *Pew v. Casner*, C.A. No. 95-7176 (3d Cir.), and *Pew v. Love*, C.A. No. 96-7314 (3d. Cir.);

(4) Therefore, in order to proceed *in forma pauperis* is this case, Plaintiff must allege facts showing that he was in imminent danger of serious physical injury at the time he filed the complaint. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d. Cir. 2001) *overruling Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997). In

determining whether Plaintiff was in imminent danger at the time of filing the complaint, the Court must construe all allegations in a complaint in favor of Plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d. Cir. 1998). Imminent dangers are those dangers which are about to occur at any moment or are impending. *Abdul–Akbar*, 239 F.3d 307 at 315. Practices that "may prove detrimental ... over time" do not represent imminent dangers as the harm is not "about to occur at any moment." *Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013) *abrogated in part on other grounds by Coleman v. Tollefson*, ___ U.S. ____, 135 S.Ct. 1759 (2015) (quoting *Abdul–Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Further, even if an alleged harm may in fact be "impending", it does not satisfy the exception if it does not threaten to cause "serious physical injury." 28 U.S.C. § 1915(g). Vague or conclusory allegations are insufficient to meet this standard. *See Ball*, 726 F.3d at 468;

(5) As stated earlier, this Court has reviewed the operative complaint. *See* Dkt. No. 1, Ex. 1. The one paragraph in the complaint that specifically addresses Plaintiff Pew alleges that Pew "is being denied due process and is being issued false misconducts to keep him in the RRL without being given any psychological evaluations[.]" Dkt. 1, Ex. 1 at ¶ 25. He further alleges that Defendants have "falsified his disability." *Id*. The complaint goes on to allege that all of the Plaintiffs have generally suffered from, among other things, sensory deprivation and poor air quality in their cells that causes "coughing and gagging." *Id*. Plaintiffs charge that the guards sabotage their food by placing items in it or give them "rotten" fruit. *Id*. they also contend that the guards sabotage their legal mail,

3

personal mail, and their access to "Mental Health Stability TV." *Id*. Plaintiffs further allege that they are denied access to daylight and the exercise yard, that they are denied personal hygiene products such as soap, shampoo, and toothpaste, and that the guards remove some of the inmates' special medical devices. *Id*. at ¶ 28. As a result, Plaintiffs allege that they suffer "severe emotional, mental, and physical damage, mental anguish and suffering, increased stress, heightened anxiety, severe difficulty [in] concentrating, short term memory problems, chronic depression, agoraphobia, and unfathomable emotional pain and suffering[.]" *Id*. at ¶ 29. With regard to physical injury, Plaintiffs charge that they are suffering from "cataracts, prostatis [sic], peripheral artery disease, heel spurs, arthritis, hypertension, and high blood pressure[.]" *Id*. Viewing the allegations in the complaint most generously to Plaintiff as this Court is required to do, the undersigned agrees with Magistrate Judge Lenihan that there is no showing of imminent danger of a serious physical injury. The most serious allegations—that Plaintiffs are being denied clean air to breath and that some special medical devices are being removed—are not tied directly to Plaintiff Pew, but even if they were, the allegations are simply not enough, without more, to establish a showing of imminent danger;

(6) First, Plaintiffs do not allege that they are continuously denied clean air to breath. Indeed, the Complaint alleges that the guards turn on "blowers to clear the air" once all of the inmates "scream" for the guards to "give [them] air." *Id*. at ¶ 28. Nor do Plaintiffs allege physical impairments that they attribute to the lack of fresh air. Therefore, the Court finds this situation distinguishable from *Gibbs v.*

4

*Cross*, 160 F.3d 962. In *Gibbs*, the Third Circuit held that a Plaintiff established a showing of imminent damage by alleging "that he was forced to breathe particles of dust and lint which were *continuously* being dispersed into his cell through the ventilation system. By the time [Plaintiff] filed the underlying civil action in the district court, he had been living under these conditions for some time and claims to have been *suffering from 'severe headaches, change in voice, mucus that is full of dust and lint, and watery eyes.'*" *Id*. at 965 (emphasis added). Here, unlike in *Gibbs*, Plaintiffs simply allege short-term "coughing and gagging" until the guards turn on the blowers to clear the air;

(7) Second, while Plaintiffs allege that the guards have removed "special/medical devices [such as] neck/back braces," this allegation, without more, simply is not sufficient to establish the risk of imminent harm of serious physical injury. *Id*. at ¶ 28. To the contrary, it is highly unlikely that neck or back braces would alleviate the physical ailments that the Plaintiffs allege they suffer from (*e.g*., cataracts, peripheral artery disease, heel spurs, arthritis, hypertension, high blood pressure).

(8) What is more, Plaintiff Pew did not file objections to the Report and Recommendation;

(9) Therefore, Plaintiff Pew is barred from proceeding in this lawsuit *in forma pauperis* under 28 U.S.C. § 1915(g);

(10) Based on the foregoing, the Court HEREBY ADOPTS the Report and Recommendation of Magistrate Judge Lenihan, VACATES prior Order entered by Magistrate Judge Baxter [Dkt. No. 57] that granted Plaintiff Pew *in forma pauperis* status, ORDERS that Plaintiff Pew pay the $400.00 filing fee, and

TERMINATES Plaintiff Pew from this action until such time that he pays the fee; and

(11) The Clerk of the Court is respectfully directed to send copies of this Order to Plaintiff, Defendants, and to Judge Lenihan.

**IT IS SO ORDERED.**

DATED this 14th day of September, 2016.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge