UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, *et al.*, | ) | |
| *Plaintiffs*, | ) ) ) | CA. NO.    16-72 Erie |
| v. | ) ) ) | ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AS TO PLAINTIFF BAILEY |
| ANTHONY R. JOHNSON, *et al.*, | ) ) ) ) | |
| *Defendants*. | ) ) | |

## **ORDER REGARDING REPORT AND RECOMMENDATION**

The Court, having reviewed the Report and Recommendation of the Honorable Lisa Pupo Lenihan, United States Magistrate Judge, the Objections thereto, and the balance of the record, does hereby find that:

(1) Plaintiff Demetrius Baily, along with numerous other Plaintiffs, initiated this action on April 4, 2016, alleging due process violations in connection with the Plaintiff's placement on the Restricted Release List. Thereafter, Magistrate Judge Baxter granted Plaintiff Bailey *in forma pauperis* status;

1

(2) The case was then reassigned to Magistrate Judge Lenihan on July 19, 2016. Upon further review of the case, Magistrate Judge Lenihan determined that Plaintiff Bailey had been granted *in forma pauperis* status in error. The Magistrate Judge found that Bailey had accumulated three or more "strikes" and, as such, may not proceed *in forma pauperis* absent a showing of imminent danger. *See* 28 U.S.C. 1915(g). Under the "three strikes rule," a prisoner who, on three or more prior occasions while incarcerated, has filed an action in federal court that was dismiss as frivolous, malicious, or for failure to state a claim, must be denied *in forma pauperis* status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g);

(3) The Magistrate Judge recommends that this Court determine that Plaintiff Bailey has three strikes against him due to the following three cases: *Bailey v. Price*, Case No. 99-470 (W.D. Pa.), *Bailey v. Crisanti*, Case No. 00-1310 (W.D. Pa.), and *Bailey v. Crisanti*, Case No. 00-4334 (3d. Cir.). Bailey counters that in 2013 the Third Circuit determined that he only has two strikes against him. *See* Dkt. No. 78. In making that determination, the Third Circuit cited to the two above-referenced dismissals from the Western District of Pennsylvania, but did not cite the appeal in *Bailey v. Crisanti*, Case No. 00-4334 (3d. Cir.), which the Third Circuit dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on December 11, 2001. *See* Third Circuit Electronic Filing System, Case No. 00-4334, 11/14/2001 JUDGMENT, dismissed under 18 U.S.C. Section 1915(e)(2)(B), Filed. (PAR) ;

(4) Bailey has raised a valid concern. While Magistrate Judge Lenihan assumed that the Third Circuit's 2001 dismissal of the appeal in *Bailey v. Crisanti*, Case No.

2

00-4334 (3d. Cir.) constituted Bailey's third strike, this Court is unwilling to make such an assumption in light of the Third Circuit's determination in 2013 that Bailey only has two strikes. This Court notes that the docket entry for the Judgment entered by the Third Circuit indicates that the Third Circuit dismissed the appeal in *Baily v. Crisanti*, Case No. 00-4334 (3d. Cir.) pursuant to 28 U.S.C. § 1915(e)(2)(B). The problem is that the entry does not indicate which subsection of § 1915(e)(2)(B) the Third Circuit acted pursuant to. If the Third Circuit dismissed the appeal pursuant to subsections (i) or (ii) (*i.e.*, frivolousness or failure to state a claim), the dismissal counts as a strike. However, if the Third Circuit dismissed pursuant to subsection (iii) (*i.e.* immunity), the dismissal does not necessarily count as a strike. *See Ball v. Famiglio*, 726 F.3d 448, 463 (3d. Cir. 2013) *abrogated in part by Coleman v. Tollefson*, ____U.S. ____, 135 S.Ct. 1759, 1763 (2015) (we hold that dismissal based on the immunity of the defendant, whether absolute or qualified, does not constitute a PLRA strike, including a strike based on frivolousness, unless a court explicitly and correctly concludes that the complaint reveals the immunity defense on its face and dismisses the unexhausted complaint under Rule 12(b)(6) or expressly states that the ground for the dismissal is frivolousness); *Parks v. Samuels*, 540 Fed. Appx. 146, 150 (3d. Cir. 2014) (same).

(5) Based on the foregoing, the Court HEREBY DECLINES to adopt the Report and Recommendation of Magistrate Judge Lenihan. The Order entered by Magistrate Judge Baxter [Dkt. No. 22] that granted Plaintiff Bailey *in forma pauperis* status remains in effect; and

3

(6) The Clerk of the Court is respectfully directed to send copies of this Order to Plaintiff, Defendants, and to Judge Lenihan.

**IT IS SO ORDERED.**

DATED this 15th day of September, 2016.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge