UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

ERIC X. RAMBERT, *et al.*,  )
         *Plaintiffs*,  )    CA. NO.    16-72 Erie
         v.  )
  )    ORDER ADOPTING REPORT
  )    AND RECOMMENDATION
  )    AS TO PLAINTIFF RAMBERT
ANTHONY R. JOHNSON, *et al.*,  )
         *Defendants*.  )

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court, having reviewed the Report and Recommendation of the Honorable Lisa Pupo Lenihan, United States Magistrate Judge, Plaintiff's Objections thereto, the operative complaint, and the balance of the record, does hereby find that:

(1) Plaintiff Eric X. Rambert, along with numerous other Plaintiffs, initiated this action on April 4, 2016, alleging due process violations in connection with the Plaintiff's placement on the Restricted Release List. Thereafter, Magistrate Judge Baxter granted Plaintiff Rambert *in forma pauperis* status;

1

(2) The case was then reassigned to Magistrate Judge Lenihan on July 19, 2016. Upon further review of the case, Magistrate Judge Lenihan recognized that it was an error to grant Plaintiff Rambert *in forma pauperis* status because Rambert has accumulated three or more "strikes" and may not proceed *in forma pauperis* absent a showing of imminent danger. *See* 28 U.S.C. 1915(g). Under the "three strikes rule," a prisoner who, on three or more prior occasions while incarcerated, has filed an action in federal court that was dismiss as frivolous, malicious, or for failure to state a claim, must be denied *in forma pauperis* status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g);

(3) This Court may take judicial notice of court records and dockets of the Federal Courts located in Pennsylvania as well as those of the Court of Appeals for the Third Circuit. *See DiNicola v. DiPaolo*, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996). The first strike against Rambert is *Rambert v. Barrett*, No. 2:95-cv-71-BPM-FXC (W.D. Pa.), which was dismissed a legally frivolous on February 21, 1995. The second strike is *Rambert v. Horn*, *et al*., No. 2:97-cv-337-DJL-FXC (W.D. Pa.), which was dismissed for failure to state a claim on December 5, 1997. The third strike is *Rambert v. Lavan, et al*., No. 4:03-cv-370-MM-DB (M.D. Pa.), which was dismissed for failure to state a claim on November 6, 2003;

(4) Plaintiff Rambert raises several objections to the Report and Recommendation. First, he contends that he did not file *Rambert v. Barrett*. This argument is easily disposed of as this Court reviewed the electronic filing system for the Western District of Pennsylvania, which shows that Plaintiff Rambert initiated the action on January 17, 1995. The case was then dismissed a legally frivolous on February

2

21, 1995. Next, Rambert argues that *Rambert v. Barrett* was filed before the PLRA was enacted and therefore cannot count as a strike against him. Again, this argument is easily disposed of. The Third Circuit has held that pre-PLRA cases can count as a strike. *Keener v. Pennsylvania Bd. of Probation and Parole*, 128 F.3d 143, 144 (3d. Cir. 1997) (joining those circuits in holding that dismissals for frivolousness prior to the passage of the PLRA on April 26, 1996, count as "strikes" under § 1915(g)). Rambert's reliance on *Gibbs v. Ryan*, 160 F.3d 160 (3d. Cir. 1998) is misplaced. In *Gibbs*, the Third Circuit was addressing whether the PLRA applied only to bringing a case as opposed to bringing and maintaining a case;

(5) Next Rambert argues that he did not bring the *Rambert v. Horn* case. As evidence of this, he claims that during 1997 when *Horn* was filed, he resided in the Middle District of Pennsylvania, yet *Horn* was filed in the Western District. Rambert argues that a case can only be filed in the district where the incident giving rise to the case occurred, and because he was residing in the Middle District at the time the case was filed, he could not have filed a lawsuit in the Western District. Once again, a quick review of the Western District of Pennsylvania electronic system shows that Rambert did indeed initiate the case *Rambert v. Horn* on February 24, 1997;

(6) Rambert further argues that the law of the case doctrine bars Magistrate Judge Lenihan from "revoke[ing] or vacat[ing]" a prior ruling in the case. Dkt. No. 76 at 1. In other words, he argues that because Magistrate Judge Baxter already "screened and ruled" on his motion to proceed *in forma pauperis*, Magistrate

Judge Lenihan cannot "revoke" that earlier ruling. *Id*. Once again Rambert misstates the law. In circumstances where a prisoner was improperly granted *in forma pauperis* status even though he has three strikes against him "the proper remedy is to vacate the order granting IFP status," require plaintiff to pay the filing fee, and if he fails to do so, "dismiss the case with prejudice for failure to prosecute." *Howard v. Tennessee, Dept. of Corrections*, No. 1-12-0004, 2013 WL 3353893, at *3 (M.D. Tenn. July 2, 2013), *see also*, *Bronson v. Overton*, NO. CIV.A 08053E, 2010 WL 2512345, *1 (W.D. Pa. May 27, 2010), *report and recommendation adopted by*, 2010 WL 2519773 (W.D. Pa. June 17, 2010) (vacating prior order granting *in forma pauperis* status to plaintiff);

(7) Lastly, Plaintiff objects to the fact that this case was transferred to Magistrate Judge Lenihan. He argues, without citation, that he should have been given the opportunity to object to the transfer. Plaintiff is mistaken. The district court has within its authority to assign and reassign case as it see fit in order to ensure the orderly and efficient resolution of case;

(8) Therefore, for the foregoing reasons, this Court finds that Plaintiff has three strikes against him. As such, in order to proceed *in forma pauperis*, Plaintiff must allege facts showing that he was in imminent danger of serious physical injury at the time he filed the complaint. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d. Cir. 2001) *overruling Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997). In determining whether Plaintiff was in imminent danger at the time of filing the complaint, the Court must construe all allegations in a complaint in favor of Plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d. Cir. 1998). Imminent dangers are

those dangers which are about to occur at any moment or are impending. *Abdul–Akbar*, 239 F.3d 307 at 315. Practices that "may prove detrimental ... over time" do not represent imminent dangers as the harm is not "about to occur at any moment." *Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013) *abrogated in part on other grounds by Coleman v. Tollefson*, ___ U.S. ____, 135 S.Ct. 1759 (2015) (quoting *Abdul–Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Further, even if an alleged harm may in fact be "impending", it does not satisfy the exception if it does not threaten to cause "serious physical injury." 28 U.S.C. § 1915(g). Vague or conclusory allegations are insufficient to meet this standard. *See Ball*, 726 F.3d at 468;

(9) This Court has reviewed the operative complaint. *See* Dkt. No. 1, Ex. 1. Plaintiff Rambert alleges that he has been placed on RRL without due process of the law. *Id*. at ¶ 19. The complaint goes on to allege that all of the Plaintiffs have generally suffered from, among other things, sensory deprivation and poor air quality in their cells that causes "coughing and gagging." *Id*. Plaintiffs charge that the guards sabotage their food by placing items in it or give them "rotten" fruit. *Id*. they also contend that the guards sabotage their legal mail, personal mail, and their access to "Mental Health Stability TV." *Id*. Plaintiffs further allege that they are denied access to daylight and the exercise yard, that they are denied personal hygiene products such as soap, shampoo, and toothpaste, and that the guards remove some of the inmates' special medical devices. *Id*. at ¶ 28. As a result, Plaintiffs allege that they suffer "severe emotional, mental, and physical damage, mental anguish and suffering, increased stress, heightened anxiety, severe

5

difficulty [in] concentrating, short term memory problems, chronic depression, agoraphobia, and unfathomable emotional pain and suffering[.]" *Id*. at ¶ 29. With regard to physical injury, Plaintiffs charge that they are suffering from "cataracts, prostatis [sic], peripheral artery disease, heel spurs, arthritis, hypertension, and high blood pressure[.]" *Id*. Viewing the allegations in the complaint most generously to Plaintiff as this Court is required to do, the undersigned agrees with Magistrate Judge Lenihan that there is no showing of imminent danger of a serious physical injury. The most serious allegations—that Plaintiffs are being denied clean air to breath and that some special medical devices are being removed—are simply not enough, without more, to establish a showing of imminent danger;

(10) First, Plaintiffs do not allege that they are continuously denied clean air to breath. Indeed, the Complaint alleges that the guards turn on "blowers to clear the air" once all of the inmates "scream" for the guards to "give [them] air." *Id*. at ¶ 28. Nor do Plaintiffs allege physical impairments that they attribute to the lack of fresh air. Therefore, the Court finds this situation distinguishable from *Gibbs v. Cross*, 160 F.3d 962. In *Gibbs*, the Third Circuit held that a Plaintiff established a showing of imminent damage by alleging "that he was forced to breathe particles of dust and lint which were *continuously* being dispersed into his cell through the ventilation system. By the time [Plaintiff] filed the underlying civil action in the district court, he had been living under these conditions for some time and claims to have been *suffering from 'severe headaches, change in voice, mucus that is full of dust and lint, and watery eyes*.'" *Id*. at 965 (emphasis added). Here, unlike in

6

*Gibbs*, Plaintiffs simply allege short-term "coughing and gagging" until the guards turn on the blowers to clear the air;

(11) Second, while Plaintiffs allege that the guards have removed "special/medical devices [such as] neck/back braces," this allegation, without more, simply is not sufficient to establish the risk of imminent harm of serious physical injury. *Id*. at ¶ 28. To the contrary, it is highly unlikely that neck or back braces would alleviate the physical ailments that the Plaintiffs allege they suffer from (*e.g*., cataracts, peripheral artery disease, heel spurs, arthritis, hypertension, high blood pressure).

(12) Therefore, Plaintiff Rambert is barred from proceeding in this lawsuit *in forma pauperis* under 28 U.S.C. § 1915(g);

(13) Based on the foregoing, the Court HEREBY ADOPTS the Report and Recommendation of Magistrate Judge Lenihan, VACATES prior Order entered by Magistrate Judge Baxter [Dkt. No. 25] that granted Plaintiff Rambert *in forma pauperis* status, ORDERS that Plaintiff Rambert pay the $400.00 filing fee, and TERMINATES Plaintiff Rambert from this action until such time that he pays the fee; and

(14) The Clerk of the Court is respectfully directed to send copies of this Order to Plaintiff, Defendants, and to Judge Lenihan.

**IT IS SO ORDERED.**

DATED this 15th day of September, 2016.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge