UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

ERIC X. RAMBERT, *et al.*,          )
                                    )
        *Plaintiffs*,               )        CA. NO.        16-72 Erie
                                    )
        v.                          )
                                    )        ORDER DENYING MOTION
                                    )        FOR ALTERATION OF PRIOR
                                    )        RULING PURSUANT TO RULE 23(d)
                                    )
                                    )
ANTHONY R. JOHNSON, *et al.*,       )
                                    )
        *Defendants*.               )
                                    )
_____)

## I.    INTRODUCTION

Plaintiff Eric X. Rambert, along with a number of other incarcerated individuals, initiated

this action on April 4, 2016, alleging due process violations in connection with their placement

on the Restricted Release List. Magistrate Judge Baxter granted Plaintiff Rambert *in forma*

*pauperis* status. Thereafter, the case was reassigned to Magistrate Judge Lenihan, who on further

review, recognized that it was an error to grant Plaintiff Rambert such status because he has

accumulated three or more "strikes" and may not proceed *in forma pauperis* absent a showing of

imminent danger. *See* 28 U.S.C. 1915(g). Under the "three strikes rule," a prisoner who, on three

1

or more prior occasions while incarcerated, has filed an action in federal court that was dismiss as frivolous, malicious, or for failure to state a claim, must be denied *in forma pauperis* status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

On September 15, 2016, this Court adopted the recommendation of Magistrate Judge Lenihan that Magistrate Judge Baxter's order granting *in forma pauperis* status to Rambert be vacated and his motion to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g). In adopting Magistrate Judge Lenihan's recommendation, this Court agreed that Rambert has three strikes against him and further agreed that he failed to allege facts that demonstrate he is in imminent danger of serious physical injury.

## II.    LEGAL STANDARD

Plaintiff moves this Court to alter the September 15 Order pursuant to Federal Rule of Civil Procedure 23(d). *See* Dkt. No. 88. Plaintiff argues that this Court erred when it determined that he was not in imminent danger of serious physical injury at the time he filed the complaint. Rule 23 applies to class actions, something this case is not; accordingly, this Court interprets Plaintiff's motion as a motion for reconsideration.

The purpose of a motion for reconsideration is to correct a manifest error of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quotations omitted). The moving party must show at least one of the following: (1) an intervening change in the controlling law; (2) new evidence becomes available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id*. If the moving party argues that an error was made, the motion may only be granted if "dispositive factual matters or controlling decisions of law were presented to the court but were overlooked." *Resorts Int'l v. Greate Bay Hotel and Casino*, 830 F. Supp. 826, 831 (D.N.J.1992)).

2

### III.    DISCUSSION

Plaintiff argues that this Court erred when it determined that Plaintiff was not in imminent danger of serious bodily injury because, at the time he filed the complaint, Defendants had taken from Plaintiff his "permanently prescribed" neck and back devises. He alleges that the devices had been prescribed by a doctor because he "suffer[s] from a chronic degenerative joint disease of the cervical spine and back as a result of a job related injury." *Id*. at 1. He claims that without his back and neck braces, he is unable to sit at a desk or watch television without pain. *Id*. at 2. He further alleges that in the past he has suffered "actual paralyzing pain of the upper body in which [he] could not lift his arms above his shoulders, [had] loss of balance, [had] no feeling in his hands or feet, [and] [] has been hospitalized…[.] *Id*.

There are several problems with Plaintiff's argument. First, these allegations were not raised in the complaint nor in his objections to Magistrate Judge Lenihan's report and recommendation; rather, plaintiff raises them for the first time in this motion for reconsideration. *Federico v. Charterers Mut. Assur. Ass'n Ltd.*, 158 F. Supp. 2d 565, 578 (E.D.Pa.2001) (courts will not consider argument raised for first time in a motion for reconsideration that could have been raised in original motion). Second, while the Court is sympathetic with the pain Plaintiff describes, such allegations are not sufficient to establish that he is in imminent danger of suffering serious bodily injury. Although Plaintiff's alleged degenerative joint disease may prove detrimental to his health over time, it does not represent "imminent danger" which is "about to occur at any moment or is impending." *Ball v. Famiglio*, 726 F.3d 448, 467 (3d Cir. 2013) *abrogated on other grounds by Coleman v. Tollefson*, ___U.S. ___, 135 S.Ct. 1759 (2015) (noting that arthritis does not pose an imminent danger of serious physical injury). Lastly, the Third Circuit has made it clear that a prisoner must allege imminent danger of physical injury at

the time the complaint is filed; past and/or future physical danger is insufficient. *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001). Here, Plaintiff alleges that he suffered severe pain and was hospitalized in the year prior to his filing the complaint. *See* Dkt. No. 88 at 2 (alleging that he was taken to a hospital on September 29, 2015 and November 20, 2015). He also alleges retaliation by the Defendants in the months after he filed the complaint. *Id*. at 3 (alleging that on "June 13, 2016 defendants systematically [took him] off of his pain medication Tylenol and Relafan" and that on August 17, 2016 "defendants assaulted Plaintiff by slamming him shut in the slid [*sic*] door"). However, he does not allege facts that demonstrate that he was in imminent danger of serious injury at the time he filed the complaint on April 4, 2016. Plaintiff does allege that on February 22, 2016 "the defendants took [his] permanently prescribed" neck and back devices "purely out of retaliation because the Plaintiff had to exact litigations in order [to] receive the items as the defendants systematically campaigned to deny Plaintiff his serious long standing medical treatment [.]" Dkt. No. 88 at 2. Nevertheless, this allegation does not establish that he was in imminent danger of a serious injury as a result of the devices being removed. Indeed, he alleges that when he was hospitalized three months prior to the devices being removed, he received "epidural injections" and was prescribed physical therapy. *Id*. This treatment may have resolved his symptoms. To that point, Plaintiff does not allege that he experienced any symptoms as a result of the device removal until six months later when he claims he was assaulted by a prison guard. Dkt. No. 88 at 3. This is not sufficient to demonstrate that he was in imminent danger at the time he file the complaint. *See Ball*, 726 F.3d at 467 (quoting *Abdul–Akbar*, 239 F.3d at 315 ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending."); *see also Harris v. Beard*, 2007 WL 404042, *2 (M.D. PA. Feb. 1, 2007) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)) (the

4

"imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate"). According, Plaintiff's motion for reconsideration must be denied.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff Rambert's motion to alter this Court's September 15, 2016 Order is HEREBY DENIED.

Dated this 24th day of October, 2016.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge