UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

ERIC X. RAMBERT, *et al.*,   )
                                                   )
    *Plaintiffs*,               )         CA. NO.       16-72 Erie
                                                   )
v.                                         )
                                                 )         ORDER ADOPTING AMENDED
                                                 )         REPORT AND RECOMMENDATION
                                                 )
ANTHONY R. JOHNSON, *et al.*,  )
                                               )
    *Defendants*.              )
                                               )
_____)

## I.     INTRODUCTION

On October 19, 2016, Magistrate Judge Lenihan issued an Amended Report and Recommendation in which she recommends that this Court: (1) vacate the Order dated September 15, 2016 that declined to adopt Magistrate Judge Lenihan's previous Report and Recommendation (Dkt. No. 83), (2) vacate the Order dated May 26, 2016 that granted Plaintiff Demetrius Bailey's Motion to Proceed *in forma pauperis* (Dkt. No. 22), (3) deny Bailey's Motion to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) because Bailey has three strikes against him, and (4) terminate Bailey from this action until such time that he pays the full $400.00 filing fee.

Bailey did not file an Objection to the Amended Report and Recommendation. However, Eric Rambert, another Plaintiff in this action, did file an Objection, urging this Court to decline to adopt the Amended Report and Recommendation. Rambert argues that Bailey does not have three strikes against him and therefore should continue to have *in forma pauperis* status.[1]

## II.  BACKGROUND

Bailey, along with a number of other incarcerated individuals, initiated this action on April 4, 2016, alleging due process violations in connection with their placement on the Restricted Release List. Magistrate Judge Baxter granted Bailey *in forma pauperis* status. Thereafter, the case was reassigned to Magistrate Judge Lenihan, who on further review, concluded that it was an error to grant Bailey such status because he had accumulated three or more "strikes," and as such, may not proceed *in forma pauperis* absent a showing of imminent danger. *See* 28 U.S.C. 1915(g).[2] As evidence of the three strikes, Magistrate Judge Lenihan cited to two cases from the Western District of Pennsylvania, *Bailey v. Price*, Case No. 99-470 (W.D. Pa.) and *Bailey v. Crisanti*, Case No. 00-1310 (W.D. Pa.), as well as to a case from the Third Circuit, *Bailey v. Crisanti*, Case No. 00-4334 (3d. Cir.). Magistrate Lenihan recommended that this Court vacate Magistrate Judge Baxter's prior order granting Bailey *in forma pauperis*.

This Court declined to adopt Magistrate Judge Lenihan's recommendation because it was unable to determine from the record before it whether the Third Circuit case—*Bailey v. Crisanti*, Case No. 00-4334—had been dismissed for failure to state a claim or frivolousness as is required

---

[1] There is a question whether Plaintiff Rambert has standing to file an Objection to the Amended Report and Recommendation as he, himself, has been dismissed from this action until he pays the $400.00 filing fee, a decision he has appealed. *See* Dkt. No. 87. Nevertheless, out of an abundance of caution, this Court will address Rambert's Objection.

[2] Under the "three strikes rule," a prisoner who, on three or more prior occasions while incarcerated, has filed an action in federal court that was dismiss as frivolous, malicious, or for failure to state a claim, must be denied *in forma pauperis* status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

2

under 28 U.S.C. § 1915(g) in order to count as a strike. Thereafter, Magistrate Judge Lenihan then issued this Amended Report and Recommendation. In it, she points out that Plaintiff Bailey acquired another strike in *Bailey v. Rozum*, Case No. 13-78 (W.D. Pa.), which was dismissed for failure to state a claim on which relief may be granted by order dated June 8, 2015.

### III. DISCUSSION

This Court may take judicial notice of court records and dockets of the Federal Courts located in Pennsylvania as well as those of the Court of Appeals for the Third Circuit. *See DiNicola v. DiPaolo*, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996). The Court has reviewed the record of *Bailey v. Rozum* and agrees that this case constitutes a strike against Bailey. Plaintiff Rambert objects that this case does not constitute a strike because "the ruling [in that case] was not based solely on failure to [*sic*] a claim under Rule 12(b)(6)[.]" Dkt. No. 98 at 1. Rambert is incorrect; the magistrate judge in that case recommended dismissal of the case for failure to state a claim upon which relief can be granted. The district court judge adopted the magistrate judge's recommendation and the case was dismissed. *Bailey v. Rozum* fits squarely within 28 U.S.C. § 1915(g).

Having determined that Bailey has three strikes against him, this Court must now determine whether Bailey has allege facts showing that he was in imminent danger of serious physical injury at the time he filed the complaint. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d. Cir. 2001) *overruling Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997). In determining whether Bailey was in imminent danger at the time of filing the complaint, the Court must construe all allegations in a complaint in favor of Plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d. Cir. 1998). Imminent dangers are those dangers which are about to occur at any moment or are impending. *Abdul–Akbar*, 239 F.3d 307 at 315. Practices that "may prove detrimental ... over

3

time" do not represent imminent dangers as the harm is not "about to occur at any moment." *Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013) *abrogated in part on other grounds by Coleman v. Tollefson*, ___ U.S. ____, 135 S.Ct. 1759 (2015) (quoting *Abdul–Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Further, even if an alleged harm may in fact be "impending," it does not satisfy the exception if it does not threaten to cause "serious physical injury." 28 U.S.C. § 1915(g). Vague or conclusory allegations are insufficient to meet this standard. *See Ball*, 726 F.3d at 468.

This Court has reviewed the operative complaint. *See* Dkt. No. 1, Ex. 1. Bailey alleges that he has been placed on RRL without due process of the law. *Id*. at ¶ 19. The complaint goes on to allege that all of the Plaintiffs have generally suffered from, among other things, sensory deprivation and poor air quality in their cells that causes "coughing and gagging." *Id*. Plaintiffs charge that the guards sabotage their food by placing items in it or give them "rotten" fruit. *Id*. they also contend that the guards sabotage their legal mail, personal mail, and their access to "Mental Health Stability TV." *Id*. Plaintiffs further allege that they are denied access to daylight and the exercise yard, that they are denied personal hygiene products such as soap, shampoo, and toothpaste, and that the guards remove some of the inmates' special medical devices. *Id*. at ¶ 28. As a result, Plaintiffs allege that they suffer "severe emotional, mental, and physical damage, mental anguish and suffering, increased stress, heightened anxiety, severe difficulty [in] concentrating, short term memory problems, chronic depression, agoraphobia, and unfathomable emotional pain and suffering[.]" *Id*. at ¶ 29. With regard to physical injury, Plaintiffs charge that they are suffering from "cataracts, prostatis [*sic*], peripheral artery disease, heel spurs, arthritis, hypertension, and high blood pressure[.]" *Id*.

4

Viewing the allegations in the complaint most generously to Bailey as this Court is required to do, the undersigned agrees with Magistrate Judge Lenihan that there is no showing of imminent danger of a serious physical injury. The most serious allegations—that Plaintiffs are being denied clean air to breathe and that some special medical devices are being removed—are simply not enough, without more, to establish a showing of imminent danger. First, Plaintiffs do not allege that they are continuously denied clean air to breathe. Indeed, the Complaint alleges that the guards turn on "blowers to clear the air" once all of the inmates "scream" for the guards to "give [them] air." *Id*. at ¶ 28. Nor do Plaintiffs allege physical impairments that they attribute to the lack of fresh air. Therefore, the Court finds this situation distinguishable from *Gibbs v. Cross*, 160 F.3d 962. In *Gibbs*, the Third Circuit held that a Plaintiff established a showing of imminent damage by alleging "that he was forced to breathe particles of dust and lint which were *continuously* being dispersed into his cell through the ventilation system. By the time [Plaintiff] filed the underlying civil action in the district court, he had been living under these conditions for some time and claims to have been suffering from 'severe headaches, change in voice, mucus that is full of dust and lint, and watery eyes.'" *Id*. at 965 (emphasis added). Here, unlike in *Gibbs*, Plaintiffs simply allege short-term "coughing and gagging" until the guards turn on the blowers to clear the air.

Second, while Plaintiffs allege that the guards have removed "special/medical devices [such as] neck/back braces," this allegation, without more, simply is not sufficient to establish the risk of imminent harm of serious physical injury. *Id*. at ¶ 28. To the contrary, it is highly unlikely that neck or back braces would alleviate the physical ailments that the Plaintiffs allege they suffer from (*e.g.*, cataracts, peripheral artery disease, heel spurs, arthritis, hypertension, high

5

blood pressure). Therefore, this Court concludes that Bailey has not alleged facts showing that he was in imminent danger at the time the Complaint was filed in this matter.

**IV.  CONCLUSION**

For the foregoing reasons, the Court HEREBY ADOPTS the Amended Report and Recommendation (Dkt. No. 92). The Court further orders that:

(1)  The September 15, 2016 Order declining to adopt the Report and Recommendation (Dkt. No. 83) is VACATED;

(2)  The May 26, 2016 Order granting Bailey *in forma pauperis* status (Dkt. No. 22) is VACATED;

(3)  Plaintiff Bailey's Motion to Proceed *in forma pauperis* (Dkt. No. 9) is DENIED; and

(4)  Plaintiff Bailey is terminated from this action until such time that he pays the full $400.00 filing fee.

Dated this 7th day of November, 2016.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge